IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIE FRANK KING, #29510-07,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:11-CV-1227-D (BK) | |
| § | | |
| **REBECCA TAMEZ, Warden,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a federal prisoner at the Federal Correction Institution (FCI) in Fort Worth, Texas, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, it is recommended that the habeas petition be summarily dismissed for lack of jurisdiction.

**I. BACKGROUND**

A federal jury convicted Petitioner of drug trafficking, and the Court sentenced him to 328 months' imprisonment and a five-year term of supervised release. *United States v. King*, 3:97-CR-0083-D (N.D. Tex. 1997). His conviction and sentence were affirmed on direct appeal. *United States v. King*, 162 F.3d 93 (Table), 1998 WL 770653 (5th Cir. Oct. 13, 1998) (unpublished *per curiam*), *cert. denied,* 526 U.S. 1030 (1999). Subsequently, the Court denied on the merits, after an evidentiary hearing, Petitioner's motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255. *United States v. King,* No. 3-00-CV-0735-D (N.D.Tex. Jan. 18, 2001), *COA denied,* No. 01-10149 (5th Cir. Jan. 7, 2002). Thereafter, the Court dismissed

Petitioner's writs of *audita querela*, construed as successive section 2255 motions, *United States v. King,* No. 3-03-CV-1524-D, 2003 WL 21663712 (N.D. Tex. Jul. 11, 2003), *rec. adopted,* (N.D. Tex. Jul. 28, 2003); *United States v. King,* No. 97-CR-0083-D, 2007 WL 2079712 (N.D. Tex. Jul. 17, 2007), denied Petitioner's application for writ of habeas corpus under the savings clause of 28 U.S.C. § 2255(e), *King* v. *Tamez,* No. 3-09-CV-0564-D, 2009 WL 4884148 (N.D. Tex. Dec. 17, 2009), and transferred Petitioner's *coram nobis* petition, construed as a successive section 2255 motion, to the United States Court of Appeals for the Fifth Circuit, *King v. United States*, No. 3:11-CV-0484-D, 2011 WL 1195937 (N.D. Tex. Mar. 30, 2011), *order denying motion to file successive 2255 mot*ion, No. 11-10329 (5th Cir. Jun 8, 2011). In the latter case, the Court imposed a $100.00 sanction and "barred [Petitioner] from filing any other actions, motions, or pleadings of any kind in federal district court until the sanction is paid." *See* 3:11-CV-0484-D (Doc. 5).

Undeterred, Petitioner filed the habeas petition presently at issue, challenging his federal sentence. He states (1) that he is actually innocent of possessing the "amount" of drugs of which he was convicted, (2) that the "weight" of the drugs used to calculate his sentence is incorrect, and (3) that his counsel's ineffective assistance in failing to investigate the proper "weight" of the drugs has resulted in a miscarriage of justice. (Doc. 1 at 4-6; Doc. 2 at 1-3.) Petitioner has paid the $5.00 filing fee, but the Court has not directed service on Respondent.[1]

---

[1] When Petitioner first filed his petition, the Court construed it as a successive section 2255 motion and administratively closed the case because the $100.00 monetary sanction in case number 3:11-CV-0484-D remained outstanding. *King v. United States*, No. 3:11-CV-0988-D (N.D.Tex. May 9, 2011) (administratively closed). After Petitioner paid the sanction, the Court opened this case as a section 2255 motion, but later modified it to reflect Petitioner's request for habeas relief under section 2241. (Doc. 4. at 1.)

In his motion to amend, filed on August 1, 2011, Petitioner seeks relief under 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005).  (Doc. 7 at 1-2.)

## II.  DISCUSSION

A.     **Savings Clause**

At the outset, the Court must determine whether Petitioner may challenge his federal sentence under 28 U.S.C. § 2241.  A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

A motion under section 2255 provides the primary means of collaterally attacking a federal conviction or sentence.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)).  "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255."  *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)).  Under the "savings clause" of section 2255, the petitioner has the burden of showing that the section 2255 remedy is "inadequate or ineffective to test the legality of his detention."  *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (*per*

---

[2] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered under section 2254.

*curiam*).³

Here, Petitioner fails to show that the section 2255 remedy is either inadequate or ineffective to the test the legality of his detention. He cannot rely on section 2241 merely to avoid procedural hurdles presented under section 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that prior, unsuccessful section 2255 motion, limitations bar, and successiveness do not render section 2255 remedy inadequate or ineffective).

Moreover, it is well established that "the savings clause of § 2255 applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.'" *Padilla*, 416 F.3d at 426 (quoting *Reyes-Requena*, 243 F.3d at 904); *see also Christopher*, 342 F.3d at 382. In this case, the Court need not look beyond the first of these requisites to conclude that Petitioner cannot prevail.⁴

---

³ The so-called "savings clause" provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*." 28 U.S.C. § 2255(e) (emphasis added).
   Because Petitioner is incarcerated within the Northern District of Texas, this Court has jurisdiction to determine whether he may proceed under section 2241. *See Padilla*, 416 F.3d at 426 ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255.").

⁴ Petitioner's theories and arguments in support of habeas relief are difficult to understand. Nevertheless, the Court has liberally construed his pleadings with all possible

Petitioner cannot demonstrate that he was convicted of a nonexistent offense. While he repeatedly claims "actual innocence" and "miscarriage of justice," his pleadings are limited to challenging the sentence that he received – namely the drug quantity used in the calculation of the advisory guideline range and defense counsel's alleged ineffective assistance in that regard. (Doc. 4 at 2-3, Doc. 7 at 1-3.) Petitioner does not seek to establish that he is actually innocent of the charges against him, nor does he seek to decriminalize the conduct for which he was convicted. In addition, he may not proceed under the savings clause of section 2255 on the basis of his *Booker* claim (*see* Doc. 4 at 2, Doc. 7 at 1-3). *See Padilla*, 416 F.3d at 427 (*Booker*'s holding is not retroactively applicable and petitioner cannot demonstrate that under *Booker* he was convicted of nonexistent offense).

Because Petitioner challenges only his sentence, and not his conviction, his claims do not fall within the savings clause of section 2255(e). *Padilla,* 416 F.3d at 427 (contrasting sentencing and conviction claims). Accordingly, Petitioner is not entitled to relief under section 2241 and his petition should be dismissed without prejudice for want of jurisdiction. *Christopher*, 342 F.3d at 379 (remanding case for dismissal for lack of jurisdiction because petitioner failed to show section 2255 remedy was inadequate or ineffective).[5]

---

deference due a *pro se* litigant.

[5] Because the United States Court of Appeals for the Fifth Circuit previously denied Petitioner authorization to file a successive section 2255 motion, the Court lacks jurisdiction to construe his section 2241 petition as a section 2255 motion. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999) (holding district court lacked jurisdiction to construe section 2241 petition as section 2255 motion because petitioner had not received prior authorization from court of appeals to file successive section 2255 motion).

B. **Motion to Amend to Raise *Booker* Claim**

Petitioner's motion to amend to raise a claim under *Booker* (Doc. 7 at 1-3) fails to comply with procedural and substantive requirements. He has not submitted a proposed second amended petition, setting out all grounds for relief that he seeks to raise in this action – i.e., newly raised claims, as well as previously raised claims. *See* Local Rule 15.1 (requiring that motion for leave to file amended pleading must be accompanied by proposed amended pleading). In addition, as noted above, Petitioner's *Booker* claim is not cognizable under the savings clause of section 2255. Therefore, Petitioner's motion to amend should be denied because it is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as adequate justification to refuse to grant leave to amend).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED** for lack of jurisdiction, and that Petitioner's motion to amend (Doc. 7) be **DENIED** as futile.

SIGNED August 9, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE